UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NATHANAEL RUTLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>ADP, INC.,<br><br>Defendant. | Case No.: 22-cv-0898-L-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST, SECOND, FOURTH, SIXTH, AND EIGHTH CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND GRANTING PLAINTIFF LEAVE TO AMEND**<br><br>[ECF No. 10] |
|---|---|

Pending before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10.) Plaintiff opposed the motion, (ECF No. 11), and Defendant replied, (ECF No. 15). The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the reasons stated below, Defendant's motion to dismiss is denied and Plaintiff is granted leave to amend.

**I.   BACKGROUND**

According to Plaintiff's complaint, Nathanael Rutledge ("Plaintiff") was an Assistant District Manager at ADP, Inc. ("Defendant") from March of 2019 until he was terminated on August 27, 2021. (ECF No. 1, at 3.) Just a few days before his termination, on August 23, 2021, Plaintiff was instructed by Defendant's Director of Associates, Sonya Everett, and Lead Investigative Security Agent, Michael Paulhus, to join a video call with them. (*Id.*) Everett explained that they were conducting a wellness check because they thought Plaintiff might be "struggling." (*Id.* at 4.) Plaintiff was not informed of what prompted the wellness check. (*Id.*) Paulhus and Everett then began asking Plaintiff a series of questions that was "akin to an interrogation." (*Id.*)

Later in the meeting, Plaintiff was asked to turn on his camera, but he declined because he was experiencing flu-like symptoms. (*Id.*) Paulhus then demanded that Plaintiff turn on his camera. (*Id.*) After declining again, Plaintiff was told "we are going to do this as a refusal and pump it up to HR." (*Id.*) Paulhus proceeded to ask Plaintiff personal questions to which Plaintiff responded but felt uncomfortable. (*Id.*) Plaintiff inquired again as to what prompted the wellness check and was accused of refusing to cooperate. (*Id.* at 5.)

Plaintiff then requested that his managers be present for the rest of the call, but Paulhus snapped at Plaintiff and accused him of being argumentative. (*Id.*) At that point, Plaintiff said he did not want to continue with the call unless he was told what the meeting was about. (*Id.*) In response, Paulhus threatened to turn off Plaintiff's computer access and mark him down as refusing to participate. (*Id.*) Plaintiff continued to refuse to answer questions and was told that there would be consequences before the call disconnected. (*Id.*)

Later that same day, Plaintiff was placed on leave and was ordered to participate in an Employee Assistance Program which required a provider's clearance before Plaintiff could return to work. (*Id.* at 6.) The next day, August 24, 2021, Plaintiff met with a licensed counselor via conference call. (*Id.*) The counselor suggested that Plaintiff was struggling with grief because some employees expressed concern about his ability to deal with his brother's death. (*Id.* at 6–7.) Even though Plaintiff assured the counselor that he did not have any mental health issues that impacted his work performance, the counselor recommended that Plaintiff see a therapist for at least a few sessions. (*Id.* at 8.) Plaintiff did not comply with the counselor's recommendation. (*Id.*)

Two days after meeting with the counselor, on August 26, 2021, the counselor sent a letter to Defendant indicating that Plaintiff was "in non-compliance with EAP process and/or treatment recommendations." (*Id.* at 8.) Later that day, Everett emailed Plaintiff an invitation to attend a video call scheduled for the following day. (*Id.*) Plaintiff replied

and indicated that he was declining the invite because the last meeting made him uncomfortable. (*Id.*)

The next day, August 27, 2021, Plaintiff was informed that his failure to attend the video call would be considered insubordination and that if he failed to participate in ongoing psychological sessions he would be fired. (*Id.* at 9.) Plaintiff was terminated that day for "declin[ing] to have a conversation." (*Id.*)

Plaintiff brings claims under California's Fair Employment and Housing Act ("FEHA") for (1) disability discrimination, (2) disability harassment, (3) unlawful psychological examination, (4) failure to prevent disability discrimination and harassment, (5) retaliation, and (6) wrongful termination. (ECF No. 1.) Plaintiff also brings claims for (7) failure to produce records and (8) negligent infliction of emotional distress. (*Id.*) Defendant now moves to dismiss Plaintiff's first, second, fourth, sixth, and eighth claims. (ECF No. 10-1.) Plaintiff requests leave to amend his eighth claim. (ECF No. 11.)

This Court has original jurisdiction over all claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

## II.   LEGAL STANDARD

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. DISABILITY DISCRIMINATION CLAIMS

### A. First Cause of Action—Disability Discrimination

Defendant moves to dismiss Plaintiff's first claim for disability discrimination in violation of California Government Code §§ 12940–12953. (ECF No. 10-1, at 14.)

Under California's Fair Employment and Housing Act ("FEHA"), it is unlawful for an employer "to discriminate against the [employee] in compensation or in terms, conditions, or privileges of employment" due to the employee's mental disability. Cal. Gov't Code § 12940(a). "To establish a prima facie case of disability discrimination under FEHA, a plaintiff must show '(1) he suffers from a [mental] disability; (2) he is otherwise qualified to do his job; and (3) he was subjected to adverse employment action because of his disability.'" *Martinez v. Costco Wholesale Corp.*, 481 F. Supp. 3d 1076, 1090 (S.D. Cal. 2020) (quoting *Faust v. Cal. Portland Cement Co.*, 58 Cal. Rptr. 3d 729, 745 (2007)). For purposes of the first element, "mental disability" includes "[b]eing regarded or treated by the employer . . . as having, or having had, any mental condition that makes achievement of a major life activity difficult." Cal. Gov't Code §§ 12940(a), 12926(j)(4). As for the third element, "[a]mong those employment decisions that can constitute an adverse employment action [is] termination." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

Defendant argues that Plaintiff's claim for disability discrimination fails primarily because Plaintiff cannot plausibly allege that Defendant regarded him as mentally disabled. (ECF No. 10-1, at 14.) Specifically, Defendant states that Plaintiff does not

allege that he was regarded as suffering from clinical depression, post-traumatic stress disorder, or like conditions covered by FEHA, nor does Plaintiff allege Defendant regarded his grief as limiting a major life activity.  (*Id.* at 15.)  Defendant also asserts that Plaintiff's claim fails because Plaintiff is unable to show a nexus between any adverse employment action and his alleged perceived disability.  (*Id.* at 17.)  The Court disagrees.

First, Plaintiff alleged that Defendant placed Plaintiff on leave following a determination that he was not fit to work and required him to participate in a psychological examination and counseling.  (ECF No. 1, at 11.)  These allegations establish that Defendant plausibly regarded and treated Plaintiff as having a mental condition that makes performing his job, a major life activity, difficult.  (*Id.* at 4–7, 11); Cal. Gov't Code § 12926.1(c) ("[U]nder the law of this state, 'working' is a major life activity.").  Plaintiff does not need to go beyond this showing to allege that Defendant perceived him as having a specific diagnosed disability.  *See* Cal. Gov't Code § 12926(j).

Second, Plaintiff alleged that he had no performance issues at work, demonstrating that he was otherwise qualified to do his job.  (ECF No. 1, at 8.)

Finally, Plaintiff alleges that Defendant made adverse employment decisions because of Plaintiff's disability, including termination.  (ECF No. 1, at 11.)  While Plaintiff will eventually have to show that he was terminated *because of* his perceived disability, *Deschene v. Pinole Point Steel Co.*, 90 Cal. Rptr. 2d 15, 23 (1999), at this stage Plaintiff "need only offer sufficient circumstantial evidence to give rise to a reasonable *inference* of discrimination" to adequately state a claim, which Plaintiff has done here. *Sandell v. Taylor-Listug, Inc.*, 115 Cal. Rptr. 3d 453, 464 (2010) (citing *Hersant v. Dep't of Soc. Servs.*, Cal. Rptr. 2d 483, 486 (1997)).  Accordingly, Defendant's motion to dismiss Plaintiff's first cause of action is denied.

**B.     Second Cause of Action—Disability Harassment**

Defendant moves to dismiss Plaintiff's second claim for disability harassment in violation of California Government Code § 12940(j).  (ECF No. 10-1, at 18.)

    FEHA explicitly prohibits an employer from harassing an employee because of a mental disability. Cal. Gov't Code § 12940(j)(1). To prevail on a harassment claim, the plaintiff "must show that (1) [he] is a member of a protected class; (2) [he] was subjected to unwelcome harassment; (3) [his] harassment was based on [his] protected status; (4) the harassment unreasonably interfered with [his] work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." *Ortiz v. Dameron Hosp. Assn.*, 250 Cal. Rptr. 3d 1, 12 (2019) (citing *Thompson v. City of Monrovia*, 112 Cal. Rptr. 3d 377, 390 (2010)). A single incident of harassment may be sufficient "if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." *Ortiz v. Dameron Hosp. Assn.*, 250 Cal. Rptr. 3d at 13 (quoting Cal. Gov't Code § 12923(b)).

    Defendant maintains that because Plaintiff failed to plausibly allege that he was regarded as disabled, he cannot therefore allege that he was harassed because of said disability. (ECF No. 10-1, at 18.) Even if Defendant perceived Plaintiff as disabled, Defendant claims that Plaintiff failed to allege sufficiently severe or pervasive conduct to qualify as harassment under FEHA. (*Id.* at 19–23.)

    Plaintiff alleges that Defendant harassed him by intimidating him via interrogations and threats to disclose personal information, disclosing personal information about his brother's death, forcing him to undergo psychological examinations, refusing to allow him to return to work, and terminating him. (ECF No. 1, at 12.)

    Plaintiff has already shown that Defendant regarded Plaintiff as disabled, placing him in a protected group. Viewing the factual allegations in the light most favorable to Plaintiff, the alleged interrogations and threats resulting from Defendant's perception of Plaintiff were plausibly severe enough to unreasonably interfere with Plaintiff's work performance or create a hostile work environment. Even though management actions such as firing typically do not come within FEHA's definition of harassment, *Reno v.*

*Baird*, 957 P.2d 1333, 1336–37 (1998), it is not necessary to reach the issue of whether Plaintiff's termination qualifies as harassment because Plaintiff has stated a claim on other grounds. Defendant's motion to dismiss Plaintiff's second claim is denied.

### C. Fourth Cause of Action—Failure to Prevent Discrimination and Harassment

Defendant moves to dismiss Plaintiff's fourth claim for failure to prevent discrimination and harassment in violation of California Government Code § 12940(k). (ECF No. 10-1, at 23.)

"A plaintiff seeking to recover on a failure to prevent discrimination claim under FEHA must show that (1) he was subjected to discrimination; (2) defendant failed to take all reasonable steps to prevent discrimination; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Leavy v. GFS Grp.*, No. 21-CV-1913 JLS (WVG), 2022 WL 2135000, at *7 (S.D. Cal. June 14, 2022) (quoting *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1098 (E.D. Cal. 2017)). "Employers should not be held liable to employees for failure to take necessary steps to prevent [discrimination], except where the actions took place and were not prevented." *Trujillo v. N. Cnty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 602 (1998). As such, "a plaintiff who adequately pleads a claim for discrimination 'therefore adequately pleads the requisite foundation of discrimination required for a failure to prevent discrimination claim.'" *Leavy*, 2022 WL 2135000, at *7 (quoting *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015)).

Defendant argues that because Plaintiff has failed to plead claims for discrimination and harassment, his claim for failure to prevent discrimination and harassment must also fail as a matter of law. (ECF No. 10-1, at 24.) Further, Defendant states that even if Plaintiff sufficiently pled claims for discrimination and harassment, the complaint is bereft of any fact to suggest Defendant failed to prevent the discrimination and harassment. (*Id.*)

Having already determined that Plaintiff adequately pled the requisite foundation of discrimination and harassment, it follows that Plaintiff has sufficiently alleged a claim for failure to prevent discrimination and harassment. Defendant's motion to dismiss Plaintiff's fourth cause of action is denied.

### D. Sixth Cause of Action—Wrongful Termination

Defendant moves to dismiss Plaintiff's sixth claim for wrongful termination in violation of public policy, California Government Code § 12940. (ECF No. 10-1, at 25.)

"The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Santa Margarita Ford, Inc.*, 176 Cal. Rptr. 3d 824, 831 (2014) (citing *Haney v. Aramark Unif. Servs., Inc.*, 17 Cal. Rptr. 3d 336, 348–49 (2004)).

Defendant argues that Plaintiff's claim for wrongful termination cannot be maintained insofar as it derives from his deficient claims under FEHA. (ECF No. 10-1, at 25.)

The Court finds that Plaintiff adequately states a claim for wrongful termination. Plaintiff alleges an employer-employee relationship, (ECF No. 1, at 3), the termination of his employment, (*Id.* at 17), and damages (*Id.* at 18). Plaintiff also alleges that the termination violated California Government Code § 12940(a), a public policy that prohibits discrimination based on a regarded mental disability.[1] (*Id.*) Because Plaintiff has successfully maintained a claim for disability discrimination in violation of § 12940(a), Plaintiff's claim for wrongful termination in violation of such policy may stand. *See Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 913 (E.D. Cal. 2017) ("Having found that plaintiff has adequately pled her FEHA claims for discrimination and

---

[1] Plaintiff also alleges wrongful termination in violation of other public polices, which need not be addressed in light of the Court's holding.

retaliation, the court concludes that plaintiff may maintain derivative claims for wrongful termination."); *Steines v. Crown Media United States, LLC*, No. CV1809293CJCFFMX, 2018 WL 6330600, at *7 (C.D. Cal. Dec. 4, 2018) ("Violations of provisions of FEHA give rise to a tort action for wrongful termination."). Defendant's motion to dismiss Plaintiff's sixth claim is denied.

## IV. EIGHTH CAUSE OF ACTION—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Defendant moves to dismiss Plaintiff's claim for negligent infliction of emotional distress. (ECF No. 10-1, at 20.) Plaintiff requests leave to amend the complaint to replace the negligent infliction of emotional distress claim with a claim for intentional infliction of emotional distress. (ECF No. 11, at 29–30.) Defendant asserts that under California Labor Code Sections 3600(a) and 3601(a), workers' compensation benefits are the exclusive remedy for emotional distress caused by employer-based actions, and therefore Plaintiff is barred from recovering for emotional distress otherwise. (ECF No. 10-1, at 27–28.)

A district court may deny leave to amend "where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); Fed. R. Civ. P. 15. The Court finds that Plaintiff may allege facts sufficient to state a claim for intentional infliction of emotional distress so amendment would not be futile. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."), *overruled on other grounds*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, the Court turns to whether the proposed claim would be subject to dismissal under the exclusive remedy provision of the California Labor Code.

### A. Labor Code Preemption

Generally, recovery for emotional distress arising out of one's employment is barred by the exclusive remedy provision of the California Labor Code. Cal. Lab. Code

§§ 3600, 3601; *Cole v. Fair Oaks Fire Prot. Dist.*, 729 P.2d 743, 750 (1987).  However, conduct that "exceeds the risks inherent in the employment relationship" is not preempted by the Labor Code.  *Livitsanos v. Superior Ct.*, 828 P.2d 1195, 1202 (1992).  Discrimination is not a normal incident of employment, and thus "a claim for emotional and psychological damage, arising out of employment, is not barred where the distress is engendered by an employer's illegal discriminatory practices."  *Accardi v. Superior Ct.*, 21 Cal. Rptr. 2d 292, 298 (1993); *see also Watson v. Dep't of Rehab.*, 261 Cal. Rptr. 204, 213 (1989).

Plaintiff has adequately pled a claim for disability discrimination, which goes beyond the risks inherent to the employment relationship.  Thus, recovery for emotional distress arising out of such discrimination would not be subject to dismissal under the exclusive remedy provision of the California Labor Code.  Plaintiff is granted leave to amend.

## V.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **DENIED**.  Plaintiff is granted leave to amend.  Should Plaintiff choose to amend, she must file and serve the amended complaint, if any, no later than **December 15, 2022**.  Defendant shall file and serve a response, if any, no later than the time provided in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated:  November 17, 2022

_____
Hon. M. James Lorenz
United States District Judge