UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NATHANAEL RUTLEDGE,<br><br>Plaintiffs,<br><br>v.<br><br>ADP, INC.,<br><br>Defendants. | Case No.:  22CV898-L(BLM)<br><br>**ORDER GRANTING JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF SPECIAL MOTION TO STRIKE/MOTION TO DISMISS**<br><br>**[ECF No. 31]** |
|---|---|

Currently before the Court is the parties' Joint Motion to Stay Discovery Pending Resolution of Special Motion to Strike/Motion to Dismiss.  ECF No. 31.

**PROCEDURAL BACKGROUND**

This matter was initiated on June 19, 2022 when Plaintiff filed a complaint alleging claims for disability discrimination, disability harassment, unlawful psychological examination, failure to prevent discrimination/harassment, retaliation, wrongful termination, failure to produce employment records, and intentional infliction of emotional distress.  ECF No. 1.  Plaintiff filed an amended complaint on November 21, 2022 alleging the same causes of action.  ECF No. 17.

Defendant answered Plaintiff's amended complaint on December 19, 2022 and the Court held an Early Neutral Evaluation Conference on January 23, 2023.  ECF Nos. 21, 22, 26.  The case did not settle at the Early Neutral Evaluation Conference and the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings on January 25, 2023.  ECF No. 27.

On January 9, 2023, Plaintiff filed a Motion to Strike, Request for Attorney Fees and Costs, and Motion to Dismiss Defendant's Counterclaims. ECF No. 23. The motion is fully briefed and under submission. ECF Nos. 23, 28, and 29.

On February 14, 2023, Defendant served a first set of Requests for Admission, Requests for Production, and Interrogatories on Plaintiff. ECF No. 31 at 2. Plaintiff served responses and objections on March 20, 2023. Id. The parties met and conferred regarding the responses but could not come to an agreement. Id. On April 10, 2023, the Parties participated in a teleconference with Judge Major's law clerk to discuss the issues in dispute. Id. Following the April 10, 2023 teleconference, the parties met and conferred and agreed to file the instant Joint Motion to Stay Discovery Pending Resolution of Special Motion to Strike/Motion to Dismiss. Id.

## Parties' Positions

The parties seek an order staying all discovery propounded by all parties (including, but not limited to, ADP's April 19, 2023 deadline to compel further responses) until 30 days following the Court's ruling on Plaintiff's Motion to Strike/Dismiss. Id. at 4. The parties also seek to continue all dates set forth in the Court's January 2023 Scheduling Order by at least three months. Id. In support, the parties note that "[t]he pending discovery dispute between the parties is directly related to the issues pending before Judge Lorenz[]" and state that "judicial economy is best served by such a stay, especially because the discovery issues in dispute will likely be resolved upon a ruling on the Motion." Id. The parties further state that good cause exists to continue all deadlines in the Court's January 2023 Order by at least three months "to ensure the Parties are not prejudiced by such a stay." Id.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not automatically stay discovery when a potentially dispositive motion is pending. See Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd., 2018 WL 1569811, at *1 (N.D. Cal., Feb. 16, 2018) (quoting Skellerup Indus. v. City of Los Angeles, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) ("[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or

conclusory statements."); see also Federal Housing Finance Agency v. GR Investments, LLC, 2019 WL 2527563, at *1 (D. Nev., June 18, 2019) ("[b]ut the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery.") (quoting Turner Broad. Sys., Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997)); Ocean Garden Products Incorporated v. Blessings Inc., 2020 WL 4284383, at *3 (D. Ariz., July 27, 2020) ("[d]iscovery stays are not automatic.") (quoting Optronic Techs., 2018 WL 1569811, at *1).  A motion to stay discovery must be supported by good cause and a "strong showing."  See United States v. Dynamic Medical Systems, LLC, 2020 WL 3035219, at *3 (E.D. Cal., June 5, 2020) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). When deciding whether to grant a stay of discovery, the court must consider the objectives of Fed. R. Civ. P. 1 to ensure a "just, speedy, and inexpensive determination of every action." Federal Housing Finance Agency, 2019 WL 2527563, at *1 (quoting Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 602-603 (D. Nev. 2011)).  District courts have "wide discretion in controlling discovery" and that discretion extends to staying discovery upon a showing of "good cause." Onn v. Carnival Corp., 2021 WL 1267264, at *1 (N.D. Cal., Apr. 6, 2021) (quoting Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)); see also Cellwitch, Inc. v. Tile, Inc., 2019 WL 5394848, at *1 (N.D. Cal., Oct. 22, 2019) ("The Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss").

The Ninth Circuit has not established a clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending but many federal district courts in California have utilized a two-part test.  Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); see also PC Specialists, Inc. v. Micros Systems, Inc., 2011 WL 3475369, at *4 (S.D. Cal. Aug. 9, 2011) ("Defendant fail[ed] to address the factors the Court must consider in determining whether to . . . stay discovery, *e.g.*, Mlejnecky, 2011 WL 489743, at *5-6.").  "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed.  Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional

discovery." Mlejnecky, 2011 WL 489743, at *6. If either part of the test is not met, discovery should proceed. Id. This two-factor test "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted."[1] Cellwitch, Inc., 2019 WL 5394848, at *1 (citing Tradebay, 278 F.R.D. at 602).

"Other courts in the Ninth Circuit have applied a more lenient standard in determining whether a motion to stay should be granted pending a resolution of a potentially dispositive motion." Tradebay, 278 F.R.D. at 602 (citing GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original))). In a third approach, courts have analyzed several factors on a case-by-case basis, including

> the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

Id. These cases find that discovery should be stayed "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." Id. (quoting Hachette Distribution v. Hudson County News Co., 136 F.R.D. 356 (E.D. N.Y. 1991)).

## DISCUSSION

Despite the parties' failure to discuss the Ninth Circuit's two-factor test or the more lenient

---

[1] The "preliminary peek" is not intended to prejudge the outcome of the motion. See Tradebay, 278 F.R.D. at 603 ("as the court in Mlejnecky recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion.").

standard, the Court will exercise its discretion to stay discovery in this matter pending a ruling on the pending Motion to Strike/Motion to Dismiss. While the two-factor test is not clearly satisfied in this case, the Court finds that a stay is appropriate because the pending motion can be decided without additional discovery, the pending discovery dispute likely will be mooted by the resolution of the motion, and the pending motion is potentially dispositive of Defendant's counterclaims. In addition, the Court notes that the case has been pending for less than a year, and the request for the stay is being jointly made by both parties, neither of whom will be unduly prejudiced if the request is granted. A stay also will allow the Court to avoid any potentially unnecessary judicial expenditures such as discovery disputes that may not be relevant once the Court rules on the pending motion or contradictory rulings on a motion to compel and the pending Motion to Strike/Dismiss.

In addition, the parties' request to continue the remaining case deadlines is **GRANTED** as follows:

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Discovery that has been propounded by all parties | | Stayed until 30 days after Judge Lorenz issues a ruling on the pending Motion to Strike/Motion to Dismiss |
| Defendant's Deadline to File a Motion to Compel | April 19, 2023 | Stayed until 30 days after Judge Lorenz issues a ruling on the pending Motion to Strike/Motion to Dismiss |
| Completion of Fact Discovery | August 25, 2023 | November 27, 2023 |
| Expert Disclosures | July 14, 2023 | October 13, 2023 |
| Rebuttal Disclosures | August 11, 2023 | November 13, 2023 |
| Expert Reports | September 22, 2023 | December 22, 2023 |
| Supplemental Reports | October 20, 2023 | January 19, 2024 |
| Confidential Settlement Statement & Participant List | May 5, 2023 | August 4, 2023 |

| Mandatory Settlement Conference | May 16, 2023 @ 9:30 a.m. | August 16, 2023 @ 9:30 a.m. |
|---|---|---|
| Completion of Expert Discovery | November 22, 2023 | February 23, 2024 |
| Dispositive Motion Filing | December 22, 2023 | March 22, 2024 |
| Pretrial Disclosures | March 25, 2024 | June 24, 2024 |
| Meet and Confer | April 1, 2024 | July 1, 2024 |
| Proposed Pretrial Order | April 8, 2024 | July 8, 2024 |
| Proposed Final Pretrial Conference Order | April 15, 2024 | July 15, 2024 |
| Pretrial Conference | April 22, 2024 @ 11:00 a.m. | July 22, 2024 @ 11:00 a.m. |

All other guidelines and requirements remain as previously set. ECF No. 27.

## CONCLUSION

For the reasons set forth above, the parties' request to stay "all discovery propounded by all parties (including, but not limited to, [Defendant's] April 19, 2023 deadline to compel further responses to the initial discovery)" and to "continue the discovery and motion deadlines set forth in the Court's January 2023 Order" is **GRANTED**. The Court hereby **STAYS** all discovery propounded by all parties, including Defendant's April 19, 2023 deadline to compel further responses to the initial discovery, and **ORDERS** the parties to contact Judge Major's Chambers within three (3) days of Judge Lorenz issuing an Order on the pending motion to strike/ motion to dismiss. See ECF No. 23.

**IT IS SO ORDERED**.

Dated: 4/17/2023

Hon. Barbara L. Major
United States Magistrate Judge